[Civ. No. 10907.  First Appellate District, Division Two.—December 21, 1938.]

BOOTH B. GOODMAN, Respondent, v. MORTHRIFT FINANCE CORPORATION, LTD. (a Corporation), Appellant.

Gumpert & Mazzera and C. H. Hogan for Appellant.

Booth B. Goodman, *in pro per.*, for Respondent.

STURTEVANT, J.—The plaintiff brought this action to recover damages for the alleged wrongful conversion of a certain motor boat. The trial court rendered a judgment in favor of the plaintiff and the defendant Morthrift Finance Corporation, Ltd., a corporation, has appealed.

For some time prior to the 6th day of May, 1937, C. C. Cumby was engaged in the business of buying and selling used automobiles. From time to time he discounted the sales contracts with Morthrift Finance Corporation, Ltd., a corporation. Prior to the 6th day of May, 1937, Cumby had so sold and financed a large number of automobiles. In general the sales were made under contracts which provided that the deferred payments should be made in monthly instalments in from twelve to twenty-four months. There was approximately the sum of $12,000 owing to defendant upon said promissory notes secured by mortgages payable in monthly instalments but no one of said notes was in default. However, as to seven automobiles, deferred payments in the sum of $3,000 had been collected by Cumby and not accounted for. In the early part of May, Cumby made payments on the last-mentioned sum and certain of the automobiles were repossessed by the defendant. In this manner the said sum of $3,000 was fully accounted for.

On May 6, 1937, Cumby met with Mr. Beck, the president of the defendant corporation, and discussed a possible settlement of the alleged misappropriations by Cumby. Prior to that date Cumby had paid defendant certain sums on the above-mentioned $3,000. He promised to pay the balance, an additional amount in the sum of $1,000. As a part of the same transaction and conversation Cumby executed and delivered to the defendant a ''Pledge to secure payment of indebtedness.'' That document is as follows:

''In consideration of any financial accommodations given, or to be given, I have this day deposited with the Morthrift Finance Corporation, Ltd., a California corporation, the following articles of personal property, to wit: One 19 foot 6 inch Krem Kraft built power boat, powered by one 12 cylinder Lincoln-Zephyr motor, Engine No. 68–7222, together with all accessories and appurtenances thereto, and one automobile boat trailer with two axle cradle, by way of pledge to secure the payment of any indebtedness now due or hereafter to become due from me to the said Morthrift Finance Corporation,

Ltd., and in the event all indebtedness owed by me is not paid to said Corporation within ten (10) days from date hereof, I authorize the said pledgee to sell said pledge at any time without notice to me or to the public, at public or private sale, as said Corporation may elect and without any previous demand or notice whatsoever, and out of the proceeds of said sale said pledgee is authorized to reimburse itself for all costs and expenses of making the sale, all sums due, and in the event there shall be a balance then remaining to pay same over to me.

"Said pledgee may become a purchaser at said sale.

"I hereby warrant that I am the owner of the above described boat, motor, accessories and trailer, save and except liens not to exceed the sum of One Hundred ($100.00) Dollars to G. F. Kremkau & Sons, builders of said boat, and for accessories purchased.

"Dated at Oakland, California this 6th day of May, 1937.
"C. C. CUMBY."

On the day the pledge was executed the boat mentioned in that agreement was at Cumby's place of business. The next day it was delivered to Kremkau & Sons as pledge holders. Within ten days Cumby paid defendant $1,000. On May 31, 1937, he executed a bill of sale of the boat to the plaintiff. On June 1, 1937, the plaintiff paid off the lien in favor of Kremkau & Sons and had the boat registered in his name. On June 3d, the defendant had the boat removed from Kremkau's possession and stored it elsewhere. Immediately after the boat was registered in the name of the plaintiff he made a demand on the defendant to deliver the boat to him. The demand was refused and this action was commenced.

██ If at the time the plaintiff made his demand the amount for which the boat had been pledged had been paid, then the title was vested in the plaintiff and he was entitled to recover. The question determined by the trial court, and sought to be reviewed before this court, is whether under the facts shown in the record the indebtedness secured by the pledge had been paid. ██ An inspection of the pledge agreement shows at once that the amount of the debt and the particular debt the payment of which the pledge was executed to secure is not specified. It was the theory of the plaintiff that it was executed as security for the payment of the $1,000 mentioned above. On the other hand, it was

the contention of the defendant that it was executed to secure the payment of all debts amounting to $12,000. For the purpose of determining the issue so in dispute the trial court received evidence of the circumstances existing at the time the pledge agreement was executed, and thereafter acting on the evidence so received, made its findings. Among others the trial court made a finding as follows: ''That on the 8th day of May, 1937, C. C. Cumby was the owner of the boat hereinabove described, and that C. C. Cumby did on said date execute the agreement attached to the defendant's answer, and marked 'Exhibit A'. That said agreement 'Exhibit A', executed by said C. C. Cumby (the instrument quoted above) was given to the defendant Morthrift Finance Corporation, Ltd., by C. C. Cumby to secure the payment of the sum of One Thousand and no/100 ($1,000.00) Dollars, which said C. C. Cumby had then and there agreed to pay to said Morthrift Finance Corporation, Ltd., on account of irregularities in the sale of automobiles under mortgage by C. C. Cumby to Morthrift Finance Corporation, Ltd., and that the said agreement 'Exhibit A', was given to create a pledge as security for the payment of said sum of One Thousand and no/100 ($1,000.00) Dollars within ten days after May 6, 1937, and for no other purpose.'' The defendant attacks that finding and asserts there was no evidence to support it. That assertion rests on its claim that the contract of pledge was not ambiguous and that no parol evidence should have been received by the trial court. That contention is clearly untenable. The pledge was executed '' . . . to secure the payment of any indebtedness now due or hereafter to become due . . . ''. Such debts are to be ''paid to said corporation within ten days from date (May 6, 1937)''. As the contract shows no debts due or to become due within that period of time, the parol evidence was properly introduced to show what debt was payable within said period, and tended to support the theory of the plaintiff. ■ The court found the value of the boat was $1250. The contract further provided for the sale of the boat, the payment of costs and expenses, and then that there should be paid out of the proceeds ''all sums due, and in the event there shall be a balance then remaining to pay same over to me'', that is to Cumby. As it is wholly impossible to pay $12,000 of indebtedness out of a piece of per-

sonal property of the value of $1250, the clause just quoted tended to further support the contention of the plaintiff.

Conceding, without deciding, that the trial court might have been justified in making findings in favor of the defendant, it must be conceded that there was sufficient evidence in the record to justify it in making the findings complained of.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 20, 1939, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 16, 1939.